## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**AMAR SHAKTI ENTERPRISES, LLC;
ORLANDO LODGING ASSOCIATES,
LLP; SHAKTI INVESTMENT INC.; RAM-
LAKHAN, INC.; NATU PATEL; SHIVA
INVESTMENTS, LLC; MHB, LLC;
CABOT HOSPITALITY, LLC;  BAL
KISHAN, INC.; TESHARA
INVESTMENTS, LLC,**

**Plaintiffs,**

**-vs-**                                                    **Case No.  6:10-cv-1857-Orl-31KRS**

**WYNDHAM WORLDWIDE, INC.; SUPER
8 WORLDWIDE, INC. f/k/a Super 8 Motels,
Inc.; DAYS INNS OF AMERICA, II, INC.
f/k/a Days Inns of America, Inc.; DAYS
INNS WORLDWIDE, INC.; AMERIHOST
FRANCHISE SYSTEMS, INC.; RAMADA
WORLDWIDE, INC.,**

**Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Second Amended Complaint
(Doc. 84) filed by the Defendants, the response in opposition (Doc. 89) filed by the Plaintiffs, and
the reply (Doc. 95) filed by the Defendants.

### I.    Background

The Defendants (collectively, the "Wyndham Group") in this putative class action are a
related group of hotel franchisors.  The Plaintiffs are a group of disgruntled franchisees, suing on
their own behalf and on behalf of various putative classes.  The instant dispute is centered on the

Defendants' customer loyalty program, currently known as "Wyndham Rewards".  When a customer who is a member of the Wyndham Rewards program stays at one of the Defendants' hotels, two things happen: the customer receives points that can be exchanged for various benefits, and the Defendants charge the franchisee who owns the hotel a royalty of up to five percent of the room revenue from that customer.  The Plaintiffs allege that the Defendants have been unfairly inflating membership in the Wyndham Rewards program (and, as a result, the fees that are charged to franchisees) by automatically enrolling customers who make reservations online unless they uncheck a box on a form.  The Plaintiffs also complain that the Defendants automatically discover, through a practice called "pro-active matching," customers at their hotels who are members of the program rather than requiring the guest to present a membership card or the like.  The result, according to the Plaintiffs, is that they are being charged the five percent fee for customers who have no idea that they are in a "loyalty" program and did not book their stay at the Plaintiffs' hotels because of it.

On August 22, 2011, the Court granted in part a previous motion to dismiss.  (Doc. 64).  On October 19, 2011, with permission, the Plaintiffs filed their second amended complaint (Doc. 83).  In it, the Plaintiffs assert four counts: two breach of contract claims (Count I and Count II) (asserted on behalf of different plaintiffs), one claim asserting violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* (Count III), and one claim asserting violations of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.* (Count IV).

## II.    Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to

-3-

infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.    Analysis

#### A.    Count I

The Wyndham Group seeks dismissal of Count I to the extent that it asserts a breach of the implied duty of good faith and fair dealing, on the grounds that the Plaintiffs failed to plead that the actions were taken in bad faith.  However, the Plaintiffs explicitly allege that the Defendants' actions were taken in "bad faith" (Doc. 83 at 23) and state that the purpose was to "grossly inflate" the membership of the Wyndham Rewards program and the charges to the Plaintiffs (Doc. 83 at 23).  The Wyndham Group also argues that the alleged breaches of the implied duty of good faith and fair dealing are duplicative of breaches of the express terms of the contracts that have already been alleged by the Plaintiffs.  The Defendants assert that allowing the allegations to survive might result in a double recovery for the Plaintiffs.  However, the Defendants fail to identify the allegedly duplicative allegations (or the allegations they allegedly duplicate), making it impossible for the Court to assess this argument.  Accordingly, the Court will not dismiss the allegations in Count I that the Defendants breached the implied duty of good faith and fair dealing.

#### B.    Count II

The Defendants contend that the breach of contract claims of Plaintiffs Orlando Lodging Associates, LLP, Natu Patel, and Shiva Investments, LLC (Collectively, "Subclass III") in Count II must be dismissed because their franchise agreements explicitly permit the Wyndham Group to collect the five percent fee, and the conduct complained of – the automatic enrollment of new Wyndham Rewards members and the practice of "pro-active matching" to discover members

staying at a franchisee's hotel – does not violate any term of the franchise agreement.  The Defendants make a similar argument in regard to a different group of Plaintiffs – "Subclass IV") – whose franchise agreements explicitly permit pro-active matching but make no mention of automatic enrollment.

The Plaintiffs offer several counterarguments.  First, they contend that "[e]vidence adduced through discovery and at trial demonstrate that [the Defendants] billed and collected fees ... for non-members."  (Doc. 84 at 17).  They also assert that the Defendants have retained the collected fees rather than spending it on the sorts of expenses identified in the franchise agreements, such as marketing.  However, these assertions do not appear in the Second Amended Complaint and cannot be used to avoid dismissal.

On the other hand, the Plaintiffs have alleged that the Defendants' actions have breached the implied duty of good faith and fair dealing that is intrinsic to every contract under New Jersey law.[1]  The Defendants counter that the implied duty cannot alter the clear terms of an agreement or be used to preclude a party from exercising its express rights under such an agreement.  This is correct so far as it goes, but the Defendants have not cited a "clear term" or "express right" that the Plaintiffs are attempting to alter or undermine.  The Subclass III Plaintiffs are not seeking to stop the Defendants from ever collecting the five percent fee.  If anything, they seek to stop the Defendants from automatically enrolling or pro-actively matching customers.  (Similarly, the Subclass IV Plaintiffs seek to stop the Defendants from engaging in automatic enrollment.)  Neither practice is explicitly permitted by the pertinent franchise agreements.  The Defendants also

_____

[1]The parties agree that the relevant franchise agreements are to be construed according to the laws of the state of New Jersey.

argue that the Plaintiffs have failed to properly plead the existence of bad faith, but as noted above, this is not the case.  The motion to dismiss will be denied as to this count.

### C.      Count III

In Count III, the Plaintiffs seek to reassert the FDUTPA claim of Orlando Lodging Associates, LLP ("Orlando Lodging").  That claim was previously dismissed with prejudice on the grounds that FDUTPA only applied to conduct in Florida, and Orlando Lodging – an Indiana limited liability company – had not alleged any connection with Florida.  Orlando Lodging has now pleaded that its primary place of business was in Florida (Doc. 83 at 5) and asserts that it suffered an injury in Florida (Doc. 89 at 16).  This is enough to bring Orlando Lodging with the boundaries of FDUTPA, at least in regard to that (alleged) injury.  Accordingly, the motion will be denied as to this count.[2]

### D.      Count IV

The parties spend the bulk of their papers arguing about Count IV, in which the Plaintiffs attempt to assert a claim under New Jersey's Consumer Fraud Act ("NJCFA"), § 56:8-1 *et seq*. The NJCFA prohibits "

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid.

---

[2]In addition, to the extent it may be necessary, the Court construes the Plaintiffs' response as a motion for reconsideration as regards Orlando Lodging, and this Court's previous order (Doc. 64) is vacated insofar as it dismissed Orlando Lodging's FDUTPA claim with prejudice.

N.J.S.A. 56:8-2.  The term "merchandise" is defined to include "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale."  N.J.S.A. 56:8-1(c).  The Defendants assert, and the Plaintiffs do not dispute, that the Wyndham Group does not offer its franchises for sale to the general public.  Such sales are complex transactions entered into only after an extensive prequalification process, while the NJCFA is "pointed to products and services sold to consumers in the popular sense."  *BOC Group, Inc. v. Lummus Crest, Inc.*, 597 A.2d 1109, 1112 (N.J. Law Div. 1990). The Plaintiffs assert that the NJCFA applies because the Wyndham Group made misrepresentations about the services it would provide in administering the Wyndham Rewards program, and such services qualify as "merchandise" under the NJCFA.  But the Plaintiffs did not buy program-administration services; they bought a long-term hotel franchise not available to the general public.  The NJCFA does not apply to such a sale, and the motion to dismiss will be granted as to this count.

## IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Second Amended Complaint (Doc. 84) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 21, 2011.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record

Unrepresented Party