UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMAR SHAKTI ENTERPRISES, LLC, a Florida corporation, ORLANDO LODGING ASSOCIATES, LLP, an Indiana limited liability company, SHAKTI INVESTMENT, INC., an Arizona corporation, RAM-LAKHAN, INC., a North Carolina corporation, NATU PATEL, an individual, SHIVA INVESTMENTS, LLC, an Arkansas limited liability company, and all other similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>WYNDHAM WORLDWIDE, INC., a Delaware corporation, SUPER 8 WORLDWIDE, INC. f/k/a SUPER 8 MOTELS, INC., a South Dakota corporation, DAYS INNS OF AMERICA, II, INC. f/k/a DAYS INNS OF AMERICA, INC., a Delaware corporation, DAYS INNS WORLDWIDE, INC., a Delaware Corporation, AMERIHOST FRANCHISE SYSTEMS, INC., a Delaware corporation, RAMADA WORLDWIDE, INC. f/k/a RAMADA FRANCHISE SYSTEMS, INC., a Delaware corporation,<br><br>                Defendants. | Case No.: 6:10-cv-01857-GAP-KRS<br><br><u>COUNTERCLAIMS BY DAYS INNS WORLDWIDE, INC. AGAINST AMAR SHAKTI ENTERPRISES, LLC</u> |

Defendant/Counterclaim Plaintiff Days Inns Worldwide, Inc. brings these counterclaims against Plaintiff/Counterclaim Defendant Amar Shakti Enterprises, LLC, and alleges as follows.

**PARTIES AND SUBJECT MATTER JURISDICTION**

1. Counterclaim Plaintiff Days Inns Worldwide, Inc. ("DIW"), formerly known as Days Inns of America, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Parsippany, New Jersey.

2. Counterclaim Defendant Amar Shakti Enterprises, LLC ("Amar Shakti Enterprises"), on information and belief, is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 3755 Cheney Highway, Titusville, Florida 32780.

3. This Court has personal jurisdiction over Amar Shakti Enterprises because it is incorporated in Florida and has its principal place of business in Florida, and because the acts and omissions giving rise to these counterclaims occurred in Florida. This Court also has personal jurisdiction over Amar Shakti Enterprises because it agreed to submit to the jurisdiction of this Court by bringing the suit, *Amar Shakti Enterprises LLC v. Wyndham Worldwide, Inc.*, Case No. 6:10-cv-01857-GAP-KRS (M.D. Fla.) ("the Wyndham Rewards suit"), to which these counterclaims relate.

4. Venue is proper in this jurisdiction because Amar Shakti Enterprises resides in this District and a substantial part of the events or omissions giving rise to the counterclaims occurred in this District. Venue is also proper in this District because Amar

Shakti Enterprises agreed to submit to the jurisdiction of this Court by bringing the Wyndham Rewards suit, to which these counterclaims relate.

5. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §1367(a), because they arise from the same underlying Franchise Agreement that is the subject matter of the Wyndham Rewards suit.

### ALLEGATIONS COMMON TO ALL COUNTS

#### The Agreement Between The Parties

6. On or about October 28, 2005, DIW entered into a Franchise Agreement (the "Franchise Agreement") with Amar Shakti Enterprises for the operation of a 142-room guest lodging facility located at 3755 Cheney Highway, Titusville, Florida 32780, Site No. 02729-60909-06 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit A.

7. Pursuant to section 5 of the Franchise Agreement, Amar Shakti Enterprises was obligated to operate a Days Inn® guest lodging facility for a 15-year term.

8. Pursuant to section 4, section 7, and Schedule C of the Franchise Agreement, as amended from time to time, Amar Shakti Enterprises was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, Wyndham Rewards fees, and other fees (collectively "Recurring Fees").

9. Pursuant to section 3.8 of the Franchise Agreement, Amar Shakti Enterprises agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8

and 4.8 of the Franchise Agreement, Amar Shakti Enterprises agreed to allow DIW to examine, audit, and make copies of the entries in these books, records, and accounts.

10. Pursuant to section 7.3 of the Franchise Agreement, Amar Shakti Enterprises agreed that interest is payable "on any past due amount payable to [DIW] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

11. Pursuant to section 17.4 of the Franchise Agreement, Amar Shakti Enterprises agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

Amar Shakti Enterprises' Defaults

12. Amar Shakti Enterprises has failed to timely pay Recurring Fees, including Wyndham Rewards fees, as required by the Franchise Agreement.

13. By letter dated January 13, 2012, a true copy of which is attached hereto as Exhibit B, DIW advised Amar Shakti Enterprises that $24,986.33 in Recurring Fees was due and owing under the Franchise Agreement, and that Amar Shakti Enterprises was in default under the Franchise Agreement.

14. As of the filing of these counterclaims, the total amount currently due and owing to DIW from Amar Shakti Enterprises is $8,407.96 inclusive of Recurring Fees, plus interest, attorneys' fees, and costs.

**FIRST COUNT**

15. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 14 of the Counterclaims.

16. Pursuant to sections 3.8 and 4.8 of the Franchise Agreement, Amar Shakti Enterprises agreed to allow DIW to examine, audit, and make copies of Amar Shakti Enterprises' financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.

17. The calculation of the monetary amounts sought by DIW in this action is based on the gross room revenue information supplied to DIW by Amar Shakti Enterprises.

18. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Amar Shakti Enterprises.

**WHEREFORE**, DIW demands judgment ordering that Amar Shakti Enterprises account to DIW for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception of the Franchise Agreement through the date of judgment herein.

**SECOND COUNT**

19. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 18 of the Counterclaims.

20. Pursuant to section 4, section 7 and Schedule C of the Franchise Agreement, Amar Shakti Enterprises was obligated to remit Recurring Fees to DIW, including the Wyndham Rewards fee.

21. Despite its obligation to do so, Amar Shakti Enterprises failed to remit certain of the Recurring Fees due and owing under the Franchise Agreement, in the current amount of $8,407.96.

22. Amar Shakti Enterprises' failure to remit the agreed Recurring Fees constitutes a breach of the Franchise Agreement and has damaged DIW.

**WHEREFORE**, DIW demands judgment against Amar Shakti Enterprises for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

23. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 22 of the Counterclaims.

24. As of the filing of these counterclaims, there was due from Amar Shakti Enterprises to DIW the sum of $8,407.96 on a certain book account.

25. Payment has been demanded and has not been made.

**WHEREFORE**, DIW demands judgment against Amar Shakti Enterprises for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

26. DIW repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 25 of the Counterclaims.

27. Amar Shakti Enterprises, being indebted to DIW in the sum of $8,407.96, as of the filing of these counterclaims, plus interest, attorneys' fees, and costs upon an account stated between them, did promise to pay DIW said sum upon demand.

28. Payment has been demanded and has not been made.

**WHEREFORE**, DIW demands judgment against Amar Shakti Enterprises for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

Date: January 25, 2012

Respectfully submitted,

/s/ Dennis P. Waggoner

| | |
|---|---|
| Eugene F. Assaf, P.C. (*pro hac vice*) | Benjamin H. Hill, III (FBN 094585) |
| Christopher C. Posteraro (*pro hac vice*) | bhill@hwhlaw.com |
| Daniel A. Bress (*pro hac vice*) | Dennis P. Waggoner (FBN 509426) |
| K. Winn Allen (*pro hac vice*) | dwaggoner@hwhlaw.com |
| KIRKLAND & ELLIS LLP | Casey Reeder (FBN 041986) |
| 655 15th St., N.W. | creeder@hwhlaw.com |
| Washington, D.C. 20005 | HILL, WARD & HENDERSON, P.A. |
| Phone: (202) 879-5000 | 101 East Kennedy Blvd., Suite 3700 |
| Facsimile: (202) 879-5200 | P.O. Box 2231 |
| | Tampa, FL 33602 |
| Counsel for Defendants | Phone: (813) 221-3900 |
| | Facsimile: (813) 221-2900 |
| | |
| | Counsel for Defendants |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Dennis P. Waggoner