UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMAR SHAKTI ENTERPRISES, LLC, *et al*,

    Plaintiffs,

vs.

WYNDHAM WORLDWIDE, INC., *et. al*,

    Defendants.

**CASE NO: 6:10-cv-01857-GAP-KRS**

**PLAINTIFFS' MOTION FOR EMERGENCY TREATMENT OF ITS MOTION TO EXTEND DEADLINE FOR DISCOVERY AND FOR FILING MOTION FOR CLASS CERTIFICATION AND FOR TELEPHONIC ORAL ARGUMENT**

Plaintiffs, AMAR SHAKTI ENTERPRISES, LLC, ORLANDO LODGING ASSOCIATES, LLP, RAM-LAKHAN, INC., NATU PATEL, SHIVA INVESTMENTS, LLC, MHB, LLC, CABOT HOSPITALITY, LLC, BAL KISHAN, INC., and TESHARA INVESTMENTS, LLC, (collectively hereinafter, the "Plaintiffs"), by and through their undersigned counsel, filed a previous motion [DE 104], in which they requested this Honorable Court grant an extension of time to complete discovery and to file for certification of class status in the above-referenced matter, and filed a supplement to that motion [DE 105] alerting the Court to the more than 300,000 pages of documents Defendants served at 8:03 p.m. on the day class certification discovery closed.

By this filing, Plaintiffs: 1) request the Court afford emergency or expedited treatment to their motions [DE 104-105]; and 2) respectfully request oral argument expeditiously, by telephone, on these matters, and in support thereof, state as follows:

1

## I.     RELEVANT PROCEDURAL BACKGROUND

1. The due date for Plaintiffs' motion for class certification is currently February 10, 2012. As set forth in Plaintiffs' supplemental motion [DE 105], during the evening of January 31, 2012—the court-ordered cut off for class certification discovery—Defendants served Plaintiffs with notice that they would be producing more than 300,000 pages of documents the following day. This latest production, in combination with documents produced by Defendants within the same two week period before the class-certification deadline, amounts to a total of 450,000 pages of previously unproduced documents, submitted on the eve of class certification briefing, and for the most part, after Plaintiffs had already deposed Defendants' corporate representatives.

2. Accordingly, on Tuesday, January 31, 2012, Plaintiffs filed their Motion to Extend Deadline for Discovery and For Filing Motion for Class Certification and Supporting Memorandum of Law [DE 104].

3. And on Wednesday, February 1, 2012, Plaintiffs filed their supplemental motion as discussed above [D.E. 105]. That same day, Defendants filed their opposition to Plaintiffs' motions [DE 106].

## II.     MEMORANDUM OF LAW

The rules of this Court permit each of the requests Plaintiffs seek. Local Rule 3.01(j) vests this Court with discretion to "allow oral argument upon the written request of any interested party or upon the Court's own motion. . . . ." L.R. M.D. Fla. 3.01(j) Local Rule 3.01(e) establishes that the Court may, also in its discretion, consider and determine a motion of an "emergency nature." L.R. M.D. Fla. 3.01(e). Plaintiffs believe that oral argument on this matter may help the Court render its decision on this matter, by, for example, providing

additional information as to the nature of Plaintiffs' review process, the nature of the 450,000 documents produced by Defendants (as best can be determined), and the importance of the discovery information to Plaintiffs' showing of class certification. Plaintiffs also request oral argument in lieu of a written reply so that Plaintiffs may address disputes they have with the history of the case set forth in Defendants' Response. [DE 106]

Plaintiffs believe that under the circumstances the filing of their motion and supplemental motion [DE 104-105] warrants emergency treatment.[1] Defendants' latest production of 300,000 pages of documents just ten days before the class certification motion is due has made it impossible for Plaintiffs to review and assimilate the documents into their class certification motion. If the current due date stands, Plaintiffs' motion for class certification will be due and filed likely before this Court has had an opportunity to render a decision on the pending motions for extension. Plaintiffs' inability to review the foregoing documents (that Defendants have produced on the evening of the last day of the class certification discovery period set by the Court) will significantly prejudice Plaintiff by precluding them from establishing a complete record for the Court, and will likely lead to supplemental filings in support of the class certification motion.

### III. LOCAL RULE 3.01(g) CERTIFICATION

On February, 6, 2012, counsel for Plaintiffs made a good faith effort to confer with Defendants' counsel via telephone and email communications to resolve the substance of this motion, but counsel for defendant's responded via email advising that they oppose this motion.

---

[1] *See, e.g.*, *Nasseer v. Mirabella Foundation,* 2008 W.L. 4853623 (M.D. Fla. 2008) (finding emergency based upon impending closing date of property burdened with *lis pendens*). *See also*, *In re Accutane Products Liability Litigation*, NO. 8:04-MD-2523T30TBM, MDL 1626, 2007 WL 201091, *1 (M.D. Fla. January 24, 2007) (discussing Court's prior grant of emergency motions based upon incomplete discovery and impending dispositive motions).

WHEREFORE, Plaintiffs request 1) that this Court grant emergency or expedited treatment to their motions for an extension [DE 104-105]; and 2) grant the Parties an opportunity to provide the Court with oral argument thereon via telephone.

DATE: February 6, 2012

Respectfully Submitted,

Plaintiffs, by One of Their Counsel,

/s/ Dwon Huggins, Esq.
Wesley J. Farrell, Esq.
FLBN 71785
wesfarrell@floridaattorney.com
Dwon Huggins, Esq.
FLBN 91481
DHuggins@floridaattorney.com
**Farrell & Patel**, Attorneys At Law
1425 Brickell Ave., 58C
Miami, Fl 33131
305.798.4177
800.946.6711 (f)
Richard Wolfe, Esq.
**Farrell & Patel**, *of Counsel*
FLBN 355067
The Four Seasons Tower
1425 Brickell Ave., Suite 58C
Miami, FL 33131
Office: 305-798-4177
Fax: 1-800-946-6711
RWolfe@wolfelawmiami.com

Steven R. Jaffe, Esq.
Florida Bar No. 390770
steve@pathtojustice.com
Mark Fistos, Esq.
Florida Bar No. 909191
mark@pathtojustice.com
**Farmer, Jaffe, Weissing,**
**Edwards, Fistos & Lehrman, PL**
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954) 524-2820

4

(954) 524-2822 fax

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on Monday, February 06, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dwon Huggins
Dwon Huggins, Esq.

**SERVICE LIST**

**CASE NO: 6:10-cv-01857-GAP-KRS**

**Christopher Posteraro**
**Daniel A. Bress**
**Eugene F. Assaf**
Kirkland & Ellis, LLP
Suite 1200
655 15th St NW
Washington, DC 20005
202/879-5000
Fax: 202/879-5200
Email: cposteraro@kirkland.com

**Mary Leslie Smith**
Foley & Lardner, LLP
Suite 1900
2 S Biscayne Blvd
Miami, FL 33131-1808
305/482-8400
Fax: 305/482-8600
Email: mlsmith@foley.com

**Benjamin H. Hill, III**
State Attorney's Office
419 N. Pierce Street
Tampa, FL 33602-4022
813/221-3900
Fax: 813/221-2900
Email: bhill@hwhlaw.com

**Dennis Parker Waggoner**
Hill Ward Henderson, P.A.
101 E. Kennedy Blvd - Ste 3700
PO Box 2231
Tampa, FL 33601-2231
813/221-3900
Fax: 813/221-2900
Email: dwaggoner@hwhlaw.com